CAROL A. HAMMERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hammers v. Commissioner
Docket No. 6450-88.
United States Tax Court
T.C. Memo 1989-121; 1989 Tax Ct. Memo LEXIS 121; 56 T.C.M. (CCH) 1533; T.C.M. (RIA) 89121; March 28, 1989. Carol A. Hammers, pro se. Dennis R. Onnen, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: Respondent determined a deficiency in and additions to petitioner's 1984 Federal income tax as follows: Additions to Tax
Deficiency
sec. 6651(a)(1) [1]
sec. 6653(a)(1)
sec. 6653(a)(2)
sec. 6654
$ 3,810.00
$ 799.00
$ 190.50 *
$ 191.31
Petitioner bears the burden of proof on all the matters in issue. ; Rule 142(a). Petitioner appeared *122 when her case was called for trial. Although invited to do so by the Court, petitioner declined to submit any evidence on the matters at issue. Accordingly, we find that petitioner has failed to meet her burden of proof and is liable for the deficiency and additions to tax as determined by respondent. ;. The only question left to decide is whether or not damages should be awarded to the United States and against petitioner pursuant to section 6673. Section 6673 provides that the Court may award damages, not in excess of $ 5,000, whenever it appears that a proceeding was instituted or maintained primarily for delay, that the proceeding is frivolous or groundless or that the taxpayer has unreasonably failed to pursue administrative remedies. Petitioner in this case is familiar with proceedings in the Tax Court. Deficiencies determined against petitioner for 1978 through 1983 were redetermined by the Court in (on appeal 10th Cir., July 18, 1988). In that case respondent's determinations were upheld in their entirety *123 because petitioner failed to introduce any evidence and persisted in presenting tax protestor arguments. Additionally, the Court awarded damages under section 6673 finding that petitioner instituted and maintained those proceedings primarily for delay and that her position was frivolous. Petitioner was asked to distinguish the case before us from the prior case heard by the Court. She was unable to do so. The only information the Court received from petitioner were pretrial pleadings and a memorandum espousing the same old, frivolous tax protestor arguments rejected by this and other courts hundreds of times. See, e.g., . We find that petitioner instituted and maintained these proceedings primarily for delay and that her position is frivolous and groundless. We therefore award damages to the United States in the amount of $ 3,000. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 in effect for the taxable year in issue and all Rule references are to the Tax Court Rules of Practice and Procedure. * 50 percent of the interest due on the entire deficiency.↩